UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CESAR VIAMONTES SABINA,<br><br>  Plaintiff(s),<br><br>   v.<br><br>JAMES RIVER INSURANCE COMPANY, et al.,<br><br>  Defendant(s). | Case No. 2:20-CV-1456 JCM (BNW)<br><br>ORDER |

Presently before the court is defendant Rasier, LLC's ("Rasier") motion to dismiss. (ECF No. 6). Plaintiff Cesar Viamontes Sabina ("Sabina") responded in opposition (ECF No. 10) to which Rasier replied. (ECF No. 13).

I.  **Background**

Sabina alleges the following: Sabina was driving for Uber when non-party Destanee Maree Cachucha collided with his car and injured him. (Compl., ECF No. 1-2 ¶¶ 8–9). Sabina settled with Cachucha's insurer for her $100,000 policy limit despite Sabina's past medical specials being in excess of $400,000. (*Id.* at ¶ 11).

Rasier—a subsidiary of Uber Technologies, Inc.—is insured by defendant James River Insurance and had uninsured/underinsured (UM/UIM) coverage.[1] (*Id.* at ¶ 12). Uber's

---

[1] In adjudicating a motion to dismiss, the court can look beyond the face of a complaint and consider evidence on which it relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claims; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (internal quotation marks omitted) (citing *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) (overruled on other grounds)). Neither party questions the authenticity of the declaration page for the insurance policy at issue which is attached as Exhibit A to Rasier's motion to dismiss. (ECF No. 6 at 5; ECF No. 10 at 4).

**James C. Mahan**
**U.S. District Judge**

third-party drivers like Sabina are also insured under the policy subject to certain conditions. (Def.'s Mot. Dismiss, ECF No. 6 at 5).  Sabina extended to James River Insurance a policy limits settlement offer.  (ECF No. 1-2 ¶ 14).  James River "undervalued" Sabina's claim, "failed to offer any amount despite the extent of [Sabina's] past medical treatment," and requested Sabina's medical records and bills which he already provided to the insurer.  (*Id.* at ¶ 19).  Sabina asserts three claims for relief against James River Insurance and Rasier: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) and violations of Nevada's Unfair Claims Practices Act.  (*Id.* at ¶¶ 26–56).

Rasier now moves to be dismissed as a defendant in this case because Sabina did "not bring any specific causes of action against [Rasier] whatsoever."  (ECF No. 6 at 3).  "Rasier, LLC is not an insurer, and is not responsible for handling or payment of UM/UIM claims, but rather maintains insurance as an insured under the policy with James River Insurance Company."  (*Id.*).

**II.    Legal Standard**

Federal Rule of Civil Procedure 8 requires every complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  Although Rule 8 does not require detailed factual allegations, it does require more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  In other words, a complaint must have *plausible* factual allegations that cover "all the material elements necessary to sustain recovery under *some* viable legal theory."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (citation omitted) (emphasis in original); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

The Supreme Court in *Iqbal* clarified the two-step approach to evaluate a complaint's legal sufficiency on a Rule 12(b)(6) motion to dismiss.  First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678–79.  Mere legal conclusions are not entitled to this assumption of truth.  *Id.*  Second, the court must consider whether the well-pleaded factual allegations state

James C. Mahan
U.S. District Judge

a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the court can draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. When the allegations have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

**III.    Discussion**

   **A.  Rasier's motion to dismiss**

Rasier asks to be dismissed from this case because it is not the insurer responsible for handling claims. (ECF No. 6 at 4–5). Rasier is a named insured under a James River insurance policy along with Uber's rideshare drivers like Sabina. (*Id.* at 5).

But as a preliminary matter, Sabina's complaint does not allege what actions Rasier took—illegal or otherwise. In the words of Rasier: "The only mentions of Rasier, LLC in the Complaint are the narrative that Plaintiff was driving a vehicle while using the driver version of the Uber application, and to state that Rasier, LLC is insured through Defendant James River Insurance Company." (*Id.* at 6).

In response, Sabina says he is "under the reasonable belief that Rasier handled the initial response, investigation, and valuation of his case. As such, all supporting documentation and communications between James River and Rasier will go towards" his bad faith claim. (Pl.'s Opp'n, ECF No. 10 at 4). However, the court cannot consider new facts alleged in Sabina's opposition to a motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) ("[A] district court may not consider any material beyond the pleadings in a ruling on a Rule 12(b)(6) motion"); *see also Schneider v. California Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("The 'new' allegations contained in the inmates' opposition, however, are irrelevant for Rule 12(b)(6) purposes. In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers . . .").

Because Sabina's complaint has no factual allegations of what Rasier did as part of a viable legal theory to recover from it, the court will dismiss Rasier from this case.

**B. Sabina's request for leave to amend**

Sabina asks for leave to amend his complaint if this court determines that the allegations have not been properly pleaded against Rasier. (ECF No. 10 at 5).

Federal Rule of Civil Procedure 15(a)(2) requires district courts to "freely give leave [to amend] when justice so requires." This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam) (quotation omitted). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). Amendment is futile if "it is clear that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *DeSoto v. Yellow Freight Systems, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) *see also Morris v. CACH, LLC*, 2013 WL 5738047, at *2 (D. Nev. Oct. 22, 2013) ("[A] district court may not deny a motion to amend for futility unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." (internal quotation marks omitted)).

Amendment would be futile here because no set of facts could form a viable legal theory under which Sabina could recover from Rasier. That is, even if Sabina properly pleaded that "Rasier handled the initial response, investigation, and valuation of his case," it is not clear that Sabina can recover from Rasier on a bad faith claim because Sabina and Rasier are not parties to an insurance contract. *See Hilton Hotels v. Butch Lewis Prods.*, 808 P.2d 919, 923 (Nev. 1991) (holding that only contractual parties can sue for bad faith). Sabina has not put forth any contrary caselaw or potential non-contractual claims for relief against Rasier with his request for leave to amend. Therefore, at this stage in the case, Rasier is dismissed and Sabina's request for leave to amend is denied.

. . .

. . .

. . .

James C. Mahan
U.S. District Judge

- 4 -

**IV.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Rasier's motion to dismiss (ECF No. 6) be, and the same hereby is, GRANTED.  Rasier, LLC is dismissed from this case without prejudice.

DATED November 6, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**